MINER, Judge.
Appellant challenges imposition of a life sentence with a mandatory 15 year term for attempted second degree murder after the trial court classified him as an habitual violent and habitual felony offender. He contends: (1) that his prior Alabama felony conviction is not one of the “qualifying offenses” enumerated by section 775.-084(l)(b)(l), Florida Statutes (1988 Supp.); (2) that the trial court improperly imposed a mandatory life sentence with a 15 year mandatory minimum; and (3) that there is some confusion which must be clarified by this court regarding whether imposition of an habitual offender sentence carries a mandatory sentence. We affirm in part, and reverse in part.
We find that the state has properly conceded error in that the trial court improperly sentenced appellant as an habitual violent felony offender. Testimony taken during sentencing supports appellant’s contention that his prior Alabama offense is the functional equivalent in Florida of aggravated battery. Because aggravated battery is not a “qualifying offense” under section 775.084(l)(b)(l), Florida Statutes (1988 Supp.), appellant can only be classified and sentenced as an habitual felony offender. Thus, appellant can only be sentenced, in accordance with section 775.084(4)(a), Florida Statutes (1988 Supp.), to a mandatory life term with no 15-year minimum. We find appellant’s point of clarification un-meritorious as the trial court’s imposition of a mandatory life sentence is authorized under sections 775.082(3)(b), Florida Statutes (1987) and 775.084(4)(e), Florida Statutes (1988 Supp.). See also Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990); Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990).
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing consistent with this opinion.
SHIVERS, C.J., and WOLF, J., concur.