PER CURIAM.
Renaldo Sampson appeals the summary denial of his motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He challenges the amount of presentence jail time credit he received on his sentence for charges in Pasco County. We reverse.
Appellant alleges that he was incarcerated in Hillsborough County jail on July 27, 1987, when detainer warrants issued for charges pending in Pasco and Pinellas Counties. On February 1, 1988, he was transported to Pasco County jail to await sentencing on the Pasco County charges. On April 20, 1988, he was sentenced to a prison term which was to run concurrent *212 with the other sentences yet to be imposed in Pinellas and Hillsborough Counties. He claims he was entitled to a total of 266 days’ credit for all the time spent in Pasco and Hillsborough County jails. The trial court awarded him credit for the 79 days he spent in Pasco County jail, but did not award him any credit for the time spent in Hillsborough County jail. These allegations, if true, may entitle appellant to relief. See Daniels v. State, 491 So.2d 543 (Fla.1986); Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989).
The trial court summarily denied the motion without attachments from the records or files that conclusively refute appellant’s allegations. We therefore reverse the order of denial and remand for further proceedings. On remand, should the trial court again deny the motion, it must attach portions of the records or files conclusively showing that appellant is entitled to no relief. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed and remanded.
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.