PER CURIAM.
Samuel E. Glaseo appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. With the exception of Glasco’s claim that evidence against him should have been suppressed,[1] we reverse and remand to the trial court to conduct an evidentiary hearing or attach those portions of the record which refute Glasco’s remaining claims.[2] See Hill v. State, 611 So.2d 115 (Fla. 5th DCA 1993).
REVERSED and REMANDED with directions.
GOSHORN, C.J., and COBB and GRIFFIN, JJ., concur.

. This claim is procedurally barred because it could have been raised on direct appeal. See Kennedy v. State, 547 So.2d 912 (Fla.1989).

. We note that throughout the four page order denying Glasco's 3.850 motion, the trial judge cited to documents refuting Glasco’s claims which the order states are attached. However, a review of the record and an inquiry to the Clerk’s Office of the Eighteenth Judicial Circuit confirms that no documents were attached to the order. This is a common and recurring problem. We ask the trial courts to implement procedures to assure that referenced documents or transcripts are in fact attached to all orders denying a defendant’s 3.850 motion.