616 So.2d 47 (1993)
Dennis Garland BAXTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 79993.
Supreme Court of Florida.
April 1, 1993.
*48 James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992), in which the court certified conflict with Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992), on one issue and with State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992), review dismissed, 613 So.2d 5 (Fla. 1992), on another issue. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
In State v. Rucker, 613 So.2d 460 (Fla. 1993), we have now resolved the conflict with Hodges consistent with the court's ruling below. Likewise, in McKnight v. State, 616 So.2d 31 (Fla. 1993), we have now resolved the conflict with Kendrick consistent with the ruling of the court below. However, the petitioner raises a third point which has merit.
The petitioner was sentenced as an habitual felony offender based upon a prior out-of-state felony conviction pursuant to the authority of section 775.084, Florida Statutes (1989), as amended by chapter 89-280, Laws of Florida. In State v. Johnson, 616 So.2d 1 (Fla. 1993), we recently held that chapter 89-280 was void as violating the single subject rule of the Florida Constitution. Chapter 89-280 is the only authority for considering prior out-of-state felony convictions as the basis for sentencing as an habitual felony offender, and the crime for which the petitioner was being sentenced occurred before May 2, 1991, the effective date of the reenactment of the habitual felony statute. Therefore, it appears that the petitioner did not meet the requirements for being sentenced as an habitual felony offender. We cannot agree that this issue was waived. See Johnson.
While we approve the opinion below with respect to the points upon which conflict was certified, we quash the decision to the extent that it permits petitioner to be sentenced as an habitual felony offender based upon an out-of-state conviction. We remand the case for resentencing.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.