622 So.2d 525 (1993)
Steve Ray BUNCH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-955.
District Court of Appeal of Florida, Fifth District.
July 23, 1993.
Rehearing Denied August 26, 1993.
Steve Ray Bunch, pro se.
Robert A. Butterworth, Atty. Gen., and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Steve Ray Bunch ["Bunch"] appeals the lower court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He contends that he was illegally sentenced as a habitual violent felony offender because the prior convictions used to support the "habitual violent" finding were out-of-state convictions. He asserts that out-of-state convictions did not become "qualifying" convictions for habitual offender purposes until the enactment of the 1989 statutory amendments that were recently held unconstitutional *526 in State v. Johnson, 616 So.2d 1 (Fla. 1993). Accordingly, he claims he is entitled to removal of his habitual violent offender status. Appellant's motion was denied below as frivolous.
Appellant's motion was properly denied by the lower court because it was legally insufficient on its face. The instate conviction limitation that applied to habitual offender status prior to the invalid 1989 amendments has no application to habitual violent felony offenders. Fla. Stat. § 775.084(1)(b). Out-of-state convictions have been authorized to support a violent habitual sentence since 1988. Canales v. State, 571 So.2d 87, 88 (Fla. 5th DCA 1990).
One additional issue has arisen in this case. The lower court's order failed to attach copies of any record showing that summary denial was appropriate. By case law, the requirement of attachment of pertinent portions of the record to support summary denial of Rule 3.800(a) motions has previously been established. See Ransom v. State, 601 So.2d 279 (Fla. 1st DCA 1992); Sampson v. State, 598 So.2d 211 (Fla. 2d DCA 1992). The State suggests we should remand for the court to comply with recently amended Florida Rule of Appellate Procedure 9.140(g), which now deals with appeals of 3.800(a) motions. Although not necessary in this case because we have concluded the motion is deficient on its face, we bring the attachment requirement and this new rule to the attention of trial courts and emphasize (as we recently did as to summary denial of Rule 3.850 motions)[1] that if orders summarily denying Rule 3.800(a) motions arrive in this court without the necessary record attachments, they will be reversed.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Glasco v. State, 616 So.2d 499, 500 n. 1 (Fla. 5th DCA 1993).