622 So.2d 1061 (1993)
Larry D. RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1551.
District Court of Appeal of Florida, Fifth District.
July 30, 1993.
James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
THOMPSON, Judge.
We withdraw the previous per curiam affirmed opinion and issue the following in its stead.
This appeal is from a criminal case in which the appellant, Richardson, was convicted *1062 of second degree murder[1] and use of a firearm while committing or attempting to commit a felony.[2] We affirm the conviction and sentence.
There were several issues on appeal, but the only issue which merits discussion concerns Richardson's sentencing. Richardson was sentenced on 19 June 1991 for crimes committed on 12 February 1991. Proper notice was given to Richardson on 19 March 1991 of the State's intent to sentence him as a habitual violent felony offender. At the time of sentencing, Richardson objected to being sentenced as a habitual violent felony offender alleging that section 775.084, Florida Statutes (1989), was unconstitutional as it violated the single subject rule of the Florida Constitution. Further, the only felony convictions used to designate him a habitual violent felony offender were from the state of Massachusetts; none of the felony convictions was from the state of Florida. The out-of-state convictions were allowed to enhance Richardson's sentence pursuant to the chapter 89-280 amendment to section 775.084, Florida Statutes (1989). However, even without the chapter 89-280 amendment, these convictions could be used to extend his sentence pursuant to § 775.084, Fla. Stat. (1988 Supp.) and Canales v. State, 571 So.2d 87, 88 (Fla. 5th DCA 1990).
The Florida Supreme Court has held that the chapter 89-280, Laws of Florida amendment to section 775.084, was unconstitutional and individuals whose sentences were affected by the amendment would have to be resentenced. See Art. III, § 6, Fla. Const.; State v. Johnson, 616 So.2d 1 (Fla. 1993); Baxter v. State, 616 So.2d 47 (Fla. 1993). However, Richardson has prior violent felony convictions from out-of-state for robbery, assault and battery without a dangerous weapon, armed robbery, unarmed robbery and assault and battery on a police officer. Unlike the defendant in Johnson, Richardson was convicted of an enumerated violent felony pursuant to 775.084 Fla. Stat. (1988 Supp.). Unlike the defendant in Baxter, Richardson was sentenced as a habitual violent felony offender as opposed to a habitual felony offender, thus out-of-state convictions were properly relied on by the trial court to sentence him. Canales, 571 So.2d at 88. Therefore, because Richardson's sentence was not affected by the amendment, the conviction and sentence is affirmed. Baxter, 616 So.2d 47; Johnson, 616 So.2d 1.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (Supp. 1989).
[2] § 790.07(2), Fla. Stat. (Supp. 1988).