PER CURIAM.
Michael Yarian, sentenced as a habitual offender to a term of seven years after his conviction for grand theft, appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence. Yarian relies upon State v. Johnson, 616 So.2d 1 (Fla.1993), which invalidated section 775.084, Florida Statutes (1989), as amended by chapter 89-280, Laws of Florida. Sentencing Yarian as a habitual offender, the trial judge utilized two out-of-state felony convictions as predicate offenses under section 775.084(1), Florida Statutes (1989). The crime for which Yarian was sentenced occurred on June 16,1990, prior to the reenactment of the habitual felony statute which was voided in Johnson, supra. Having observed these matters of record, we ordered the state to appear in this case and show cause why Yarian should not be resentenced.
The state, in its response, asserts that Yarian would have been habitualized under the pre-1989 statute. The order of the trial court makes the same assertion. The record before us, however, only contains certified copies of the out-of-state convictions referenced in the original order sentencing Yarian as a habitual offender. The state has offered no factual support for its contention that Yarian would have been habitualized under the old statute. At the time of the sentencing, chapter 89-280 was the only authority for considering prior out-of-state felony convictions as the basis for sentencing as a habitual felony offender. Baxter v. State, 616 So.2d 47 (Fla.1993). Consequently, Yari-an does not meet the qualifications for habitual offender sentencing, and the order on appeal must be REVERSED and the case REMANDED for resentencing.
MINER, KAHN and LAWRENCE, JJ., concur.