PER CURIAM.
Paul A. Massey appeals the sentences imposed after his convictions for robbery with a *834 firearm and third degree grand theft. On review, we find no merit in Massey’s contention that he was improperly sentenced as a habitual violent felony offender because the prior qualifying conviction occurred in another state. This court has consistently held that the habitual violent offender statute does not require the qualifying felony to have been committed in Florida. See Richardson v. State, 622 So.2d 1061 (Fla. 5th DCA 1993); Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993); Canales v. State, 571 So.2d 87 (Fla. 5th DCA 1990).
We do agree with Massey that his sentence for grand theft must be stricken. The record reflects, and the State properly concedes, that the sentence imposed was not intended by the trial judge, was not orally pronounced at the sentencing hearing, and was entered as a result of a scrivener’s error.
AFFIRMED as MODIFIED.
COBB, GOSHORN and THOMPSON, JJ., concur.