PER CURIAM.
Joseph Dubose challenges the trial court’s denial of his motion to correct illegal sentence. Dubose argued that his case fell within the window during which portions of the habitual offender statute were determined to be unconstitutional in Johnson v. State, 616 So.2d 1 (Fla.1993). The trial judge denied the motion on the basis that Dubose did not qualify for habitualization on the basis of a conviction for aggravated battery — the defect in Johnson’s violent habitual offender sentence which necessitated its vacation. In support of the order of denial, the trial court appended the qualifying criminal judgments, which include convictions from the state of Maryland. The use of out-of-state convictions is the second defect in habitual offender sentences caused by the unconstitutional amendment to the statute. See Baxter v. State, 616 So.2d 47 (Fla.1993). Nevertheless, also accompanying the order of denial are Florida criminal convictions utilized to justify the habitual offender sentence, which legitimize the sentence without resort to the Maryland convictions.
Accordingly, the order of the trial court is affirmed
CAMPBELL, A.C.J., and BLUE and CASANUEVA, JJ., concur.