ALTENBERND, Acting Chief Judge.
Eddie Mack Lock appears for the fourth time in this court concerning two robberies with a firearm that he committed in December 1989. We reverse his habitual offender sentences and remand for resen-tencing.
We affirmed Mr. Lock’s convictions and his two consecutive sentences as a habitual violent felony offender in 1991. See Lock v. State, 582 So.2d 819 (Fla. 2d DCA 1991), approved, 595 So.2d 50 (Fla.1992). After the supreme court’s decision in Hale v. State, 630 So.2d 521 (Fla.1993), we reversed the denial of Mr. Lock’s postconviction motion seeking concurrent sentences, which had been denied as successive and untimely. See Lock v. State, 668 So.2d 1081 (Fla. 2d DCA 1996). On remand, the trial court concluded that the crimes were not committed in the course of a single episode. We reversed that decision because the attachments to the order did not support the trial court’s decision that the offenses constituted separate episodes. See Lock v. State, 687 So.2d 871 (Fla. 2d DCA 1997).
On the 1997 remand, the trial court entered two concurrent life sentences as a habitual offender. There appear to be two problems with these sentences. First, the sentences are habitual offender sentences and not habitual violent offender sentences. From our record, it appears that the shift from habitual violent offender sentencing to habitual offender sentencing occurred before the 1997 sentencing and that the current trial judge initially wanted to return to a habitual violent felony offender analysis. He was convinced to stay with habitual offender sentencing despite his instincts that this was error. We agree with his instincts. The State never gave Mr. Lock notice of its intention to sentence him as a habitual offender and it is not clear from our record that he qualifies for such sentencing.
What is perhaps more important, Mr. Lock was sentenced under the 1989 amendments to the habitual offender statute for offenses occurring prior to May 2, 1991. It appears that he was habitualized based on an out-of-state offense. The supreme court held in State v. Johnson, 616 So.2d 1 (Fla.1993), that the 1989 amendments were void as a violation of the single subject rule. In Baxter v. State, 616 So.2d 47 (Fla.1993), the court held that one of the affected classes of predicate offenses under Johnson was out-of-state felony convictions. Accordingly, from our record, it appears that Mr. Lock has received sentences that are not proper as habitual felony offender sentences and also may be improper as habitual violent felony offender sentences. See Rucker v. State, 626 So.2d 276 (Fla. 2d DCA 1993). But see Richardson v. State, 622 So.2d 1061 (Fla. 5th DCA 1993); Canales v. State, 571 So.2d 87 (Fla. 5th DCA 1990).
We reverse and remand for resentenc-ing. Although it is possible that Mr. Lock is now entitled to receive a sentence pursuant to the guidelines applicable to these two 1989 offenses, our mandate does not specify any particular sentence. The trial court is free to impose any sentence authorized by law.
Reversed and remanded.
PARKER and WHATLEY, JJ„ Concur.