823 So.2d 809 (2002)
Octavious Monshovia CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1440.
District Court of Appeal of Florida, First District.
July 1, 2002.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
*810 Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief Criminal Appeals, Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Convicted of burglary of a dwelling with assault or battery, Octavious Monshovia Clark contends that he was unlawfully sentenced as a habitual violent felony offender because the predicate offense the trial court relied on was a North Carolina conviction for armed robbery. He argues that out-of-state convictions cannot be used as predicate felonies justifying habitual violent felony offender sentencing for subsequent offenses in Florida. He also argues that the state failed to prove that the North Carolina offense was an equivalent of the Florida offense of robbery. We reject both arguments and affirm.

I.
Section 775.084(1), Florida Statutes (2000), separately defines violent career criminals, habitual felony offenders, habitual violent felony offenders, and three-time violent felony offenders. A habitual felony offender is defined as an offender who, inter alia, "has previously been convicted... of two or more felonies in this state or other qualified offenses." § 775.084(1)(a)1., Fla. Stat. (2000). A violent career criminal is defined as an offender who, inter alia, "has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that ...." § 775.084(1)(d)1., Fla. Stat. (2000). A qualified offense is defined for purposes of these provisions as
any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
§ 775.084(1)(e), Fla. Stat. (2000). On the other hand, a habitual violent felony offender is defined as an offender who, inter alia, "has previously been convicted of a felony ... and one or more of such convictions was for ... [r]obbery." § 775.084(1)(b)1.c., Fla. Stat. (2000). The definition of a habitual violent felony offender does not include the phrase "or other qualified offenses." On the strength of this omission, the appellant asserts that the Legislature did not intend that out-of-state convictions serve as predicates for sentencing habitual violent felony offenders.
But this argument ignores both contrary precedent and legislative history, which accounts fully for the wording of the various provisions of section 775.084(1), without offering any support for appellant's construction of the statute. In 1988, the Legislature amended section 775.084 to require, as a predicate for habitual felony offender sentencing, proof that two prior felonies had been committed in Florida. See Ch. 88-131, § 6, at 706, Laws of Fla. (requiring that a defendant have "previously been convicted of two of more felonies in this state"). See Parrish v. State, 571 So.2d 97, 98 (Fla. 1st DCA 1990) ("To be deemed a habitual felony offender, the 1988 habitual offender statute necessitates an initial finding that the defendant has `previously been convicted of two or more felonies in this state.' § 775.084(1)(a)1, Fla. Stat. (Supp.1988). Although the statute contains additional requirements which permit the use of out-of-state convictions, the state's failure to establish the first *811 requirement forecloses the possibility of habitual offender classification.").
The 1988 enactment also created the category of habitual violent felony offender sentencing, at issue here. See Ch. 88-131, § 6, at 707, Laws of Fla. Unlike the habitual felony offender provision, the habitual violent felony offender provision contained no language limiting predicate felonies to felonies committed within Florida. Relying on this distinction, the Fifth District ruled that section 775.084(1)(b), Florida Statutes (Supp.1988), authorized using an out-of-state conviction as a predicate qualifying a defendant as a habitual violent felony offender. See Canales v. State, 571 So.2d 87, 88-89 (Fla. 5th DCA 1990). The court reasoned:
Section 775.084(1)(a) defines an habitual felony offender as a defendant who has previously been convicted of two or more felonies in this state. Since this is appellant's first offense in Florida, he clearly does not fall within the definition; however, section 775.084(1)(b) defines an habitual violent felony offender as a defendant who has been convicted of one or more of the following offenses: arson, sexual battery, robbery, kidnapping, aggravated child abuse, aggravated assault, murder, manslaughter, unlawful throwing, placing, or discharging a destructive device or bomb, or armed burglary. Under the habitual violent felony provision there is no requirement that the prior violent felony be committed in Florida.
Canales urges that since the habitual violent felony offender provision does not specifically permit the enumerated offenses to have been committed outside Florida, we should apply the rule of lenity set out in section 775.021, Florida Statutes (1988) and construe the provision in his favor. We find that a careful reading of the entire statute shows that the legislature intended to treat habitual felons and habitual violent felons differently....
Id. at 88. See Kirby v. State, 625 So.2d 51, 56 (Fla. 3d DCA 1993) ("Under the habitual violent provision, there is no requirement that the felony has been committed in Florida."). See also Massey v. State, 651 So.2d 833, 834 (Fla. 5th DCA 1995); Richardson v. State, 622 So.2d 1061, 1062 (Fla. 5th DCA 1993); Bunch v. State, 622 So.2d 525, 526 (Fla. 5th DCA 1993); Dotson v. State, 585 So.2d 390, 390 (Fla. 1st DCA 1991). The decision in Canales antedates enactment of the violent career criminal and the three-time violent felony offender provisions.
When a court has interpreted a statute, particularly one amended as frequently as this one, and the Legislature does nothing to suggest that the interpretation does not effectuate legislative intent, there is ordinarily no good reason to alter the interpretation. See State v. Hall, 641 So.2d 403, 405 (Fla.1994) ("Because the legislature has failed to make any substantive changes to the pertinent statutory language, we must assume that it has no quarrel with these [prior] holdings. See White v. Johnson, 59 So.2d 532, 533 (Fla. 1952) (legislative inaction can be taken as an indication of legislature's acceptance of prior construction of statute)."); B & L Servs. v. Coach USA, 791 So.2d 1138, 1142 (Fla. 1st DCA 2001) ("Where the legislature fails to make substantive changes to the pertinent statutory language, it is assumed that the legislature accepted the prior judicial construction of the statute."). In 1989, moreover, the Legislature amended section 775.084(1)(a), the habitual felony offender provision, to allow the use of out-of-state convictions. See generally Ch. 89-280, § 1, at 1632-33, Laws of Fla. The Legislature had no need to amend section 775.084(1)(b), pertaining to habitual violent *812 felony offenders, at the same time because language limiting the use of out-of-state convictions never appeared in section 775.084(1)(b).

II.
In order for an out-of-state conviction to qualify as a predicate offense under section 775.084(1)(b)1., Florida Statutes (2000), the elements of the out-of-state offense must be identical or functionally equivalent to the elements of an enumerated Florida offense. See Abner v. State, 566 So.2d 594, 595 (Fla. 1st DCA 1990). See also Robinson v. State, 692 So.2d 883, 886-87 (Fla.1997); Dautel v. State, 658 So.2d 88, 90-91 (Fla.1995). Here, both offenses contain elements requiring proof of (1) the unlawful taking of property (2) from or in the presence of another (3) against that person's will (4) by the use of force or putting in fear. Compare Robinson, 692 So.2d at 886-87, with State v. Brown, 300 N.C. 41, 265 S.E.2d 191, 195 (1980). Section 812.13(1), Florida Statutes (2000), defines robbery as
the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
See also § 812.13(2)(a), Fla. Stat. (2000) (enhancing the degree of the felony if a firearm or deadly weapon is carried in the course of committing the robbery); § 812.13(2)(b), Fla. Stat. (2000) (enhancing the degree of the felony if a weapon is carried in the course of committing the robbery). We have held that armed robbery is a species of robbery for purposes of section 775.084(1)(b)1.c., Florida Statutes (2000). See McCoy v. State, 598 So.2d 169, 171 (Fla. 1st DCA 1992) ("Since appellant previously was convicted of armed robbery, a qualifying offense for habitual violent felony offender classification, his contention that the sentence was unlawful is without merit.").
The North Carolina offense of armed robbery is the equivalent of the Florida offense, because it requires proof of every element of the Florida offense, as defined in section 812.13, Florida Statutes (2000), and is punishable as a felony in North Carolina. See Abner, 566 So.2d at 595. The North Carolina offense requires proof not only of what would be simple robbery in Florida, but also of an additional element (possession of a firearm or dangerous weapon), which would make the offense punishable under section 812.13(2)(a) or (b). Section 14-87(a), North Carolina General Statutes (1995), proscribes robbery with a dangerous weapon:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night ....
The North Carolina courts have described this statute as adding an element, the use of a firearm or other dangerous weapon, to the common-law offense of robbery. See Brown, 265 S.E.2d at 195 ("Robbery with firearms is a legislative outgrowth of common law robbery, which is the felonious taking of money or goods of any value from the person of another or in his presence, against his will, by violence or by putting him in fear. State v. Moore, 279 *813 N.C. 455, 183 S.E.2d 546 (1971). G.S. 14-87 does not create a new offense, but provides for a more serious punishment when firearms or other dangerous weapons are used. State v. Black, 286 N.C. 191, 209 S.E.2d 458 (1974).").
Affirmed.
BOOTH and VAN NORTWICK, JJ., concur.