864 So.2d 574 (2004)
Horace HANKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3827.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
Horace Hankerson, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Horace Lee Hankerson appeals the summary denial of his motion filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Hankerson was convicted of aggravated fleeing or attempting to elude a police officer and received a sentence of 145.75 months in the Department of Corrections. He now complains that the sentence was improperly imposed under the 1995 version of the sentencing guidelines, a version held to be unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). He also alleges that his offense occurred within the window period for raising a Heggs claim,[1] and that his sentence would have been a departure under the 1994 guidelines.
The trial court determined that Hankerson was actually sentenced pursuant to the habitual felony offender statute rather than the sentencing guidelines. In support of that determination, the trial court *575 made reference to a certain page in the sentencing hearing transcript. However, that page is not attached to the court's order and the court did not otherwise indicate that it was supposed to be attached. Further, the written sentence attached to Hankerson's notice of appeal does not show that the spaces for sentencing him as an habitual felony offender were checked off.
The attorney general in its response to this court candidly acknowledges that the trial court judge "did not attach any documentation in support of his order denying relief." The record supporting the denial of relief under rule 3.800(a) must be attached to the trial court's order if a prima facie claim is alleged. E.g., Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993); see also Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994).
We reverse and remand for attachments of documents to the order refuting Hankerson's claim, or for an evidentiary hearing.
REVERSED AND REMANDED.
PETERSON, GRIFFIN and PALMER, JJ., concur.
NOTES
[1] See Trapp v. State, 760 So.2d 924 (Fla.2000).