PER CURIAM.
This is an appeal from Appellant’s judgment and sentence. We affirm the trial court’s imposition of sex offender conditions of probation without discussion. See Williams v. State, 879 So.2d 49 (Fla. 1st DCA 2004). Because the trial court erred in scoring Appellant’s out-of-state conviction as a level seven offense, we reverse.
Appellant was convicted of lewd and lascivious molestation. When calculating Appellant’s scoresheet, the trial court included Appellant’s conviction for violation of Title 16, 16-15-140 of the South Carolina Code. The trial court determined that the out-of-state conviction was equivalent to section 800.04, Florida Statutes, which is a level seven offense. Under this calculation, Appellant’s maximum sentence was 46.9 months’ imprisonment. Appellant filed a Florida Rule of Criminal Procedure 3.800(b) motion arguing that the South Carolina law was not equivalent to section 800.04, Florida Statutes, because the South Carolina law punished an attempt and a completion of a lewd act, and the Florida version only punished the completion of the act. The trial court relied on Appellant’s own testimony to determine that Appellant did complete the act charged in South Carolina and to deny Appellant’s motion.
As conceded by the State, the trial court erred in considering Appellant’s testimony. In order to determine whether an out-of-state crime has a Florida equivalent, the trial court must compare the elements of the out-of-state crime to the elements of the Florida crime. Clark v. State, 823 So.2d 809, 812 (Fla. 1st DCA 2002). The trial court is not allowed to consider facts from the trial to make a determination of whether the out-of-state crime has an equivalent in Florida. Snipes v. State, 793 So.2d 1107, 1108 (Fla. 1st DCA 2001).
Because section 800.04, Florida Statutes, does not contain a provision for an attempt, it must be considered in conjunction with section 777.04(4)(a), Florida Statutes, which provides that the attempt of a lewd act upon a child will be ranked two levels below the offense attempted. Thus, Appellant’s attempted lewd act should have been scored as a level five offense, not a level seven offense. This change would reduce Appellant’s maximum sentence from 46.9 months’ to 44.5 months’ imprisonment. We therefore reverse the trial court’s denial of Appellant’s motion on this issue and remand for resentencing.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
BOOTH, WEBSTER and DAVIS, JJ., concur.