COHEN, J.
Appellant, Steven Wiebe, appeals the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.801 motion for correction of jail credit. We reverse and remand.
In 2000, Wiebe was charged with two counts of sexual battery on a child under twelve years of age. In 2002, the State nolle prossed those charges after unsuccessfully appealing an order suppressing a statement Wiebe made to law enforcement. Wiebe had been incarcerated awaiting trial, but he was released after the charges were dropped.
Eight years later, the State reopened Wiebe’s case during the course of a new investigation. Charges were refiled, and Wiebe entered a no-contest plea to two counts of sexual battery on a person under twelve years of age. According to Wiebe, those were the same charges that he faced in 2000.[1] The trial court sentenced him as a sexual predator to life imprisonment without the possibility of parole. That judgment and sentence was affirmed on appeal. See Wiebe v. State, 111 So.3d 897 (Fla. 5th DCA 2013). The issue presented here is whether Wiebe is entitled to credit for the time that he spent in jail awaiting trial in 2000.
Currently, life means life, and granting Wiebe additional credit for time served will have no practical effect on his sentence. But we recognize that Florida’s sentencing laws are subject to change, and we do not know how the Legislature might amend Florida’s sentencing scheme in the future.[2]
Section 921.161, Florida Statutes, provides that defendants are entitled to credit for time served:
*731 A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
§ 921.161(1), Fla. Stat. (2013). And “[t]he fact that the sentence is for life does not diminish the requirement to allow credit for time served.” Lyttle v. State, 352 So.2d 942, 943 (Fla. 2d DCA 1977) (citation omitted). The State has not cited any authority for the proposition that if the State nolle prosses a charge and later refiles, which is not uncommon, a defendant held on that charge pending trial loses the right to credit for time served. Rather, the cases relied upon by the State hold that defendants are not entitled to credit for time served for different offenses committed on different dates. Wiebe’s motion, however, alleges that he was originally held on the same charges for which he is currently imprisoned. Although the length of time between the dismissal of the charges and the refiling in this case is unusual, the concept remains the same.
We reverse and remand for the trial court to either grant the additional jail credit or hold an evidentiary hearing to determine Wiebe’s entitlement to credit.
REVERSED and REMANDED.
PALMER and LAWSON, JJ„ concur.

. At this stage, we accept the allegations in Wiebe's motion as true. See Sampson v. State, 598 So.2d 211, 211 (Fla. 2d DCA 1992).

. For instance, the Legislature has recently discussed a program that would allow for the release of elderly inmates. See S.B. 426, 2012 Leg., Reg. Sess. (Fla.2012).