# IN THE COURT OF APPEALS OF IOWA

No. 14-1822
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**SCOTT JOSEPH FLETCHER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


        The State appeals a district court ruling that a defendant was entitled to a

105-day credit towards his sentence.  **AFFIRMED.**


        Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney

General, Special Litigation Division, for appellant State.

        Scott Joseph Fletcher, Fort Madison, appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

The State appeals a narrow issue: whether an offender is entitled to credit for time served in jail on charges that were dismissed but subsequently refiled.

## I. Background Proceedings

Fletcher was arrested and charged with three crimes. In time, he agreed to cooperate with law enforcement, and the State dismissed the charges. Fletcher spent 105 days in jail between the date of arrest and date of dismissal.

Fletcher failed to cooperate, and pursuant to the agreement, the State refiled the charges. Fletcher eventually pled guilty to possession with intent to deliver methamphetamine and possession of a controlled substance. The district court sentenced him to prison terms not exceeding ten and two years, respectively, and stated he "shall receive credit against the(se) sentence(s) for any days served in custody on the(se) individual offense(s)."

Fletcher received credit for the days he spent in jail following his re-arrest, but not for the 105 days preceding the dismissal of the charges. He filed a "motion for time credit." In a thorough opinion, the district court granted the motion. The State appealed.

## II. Credit for Time Served

The State frames the issue as follows: "whether the statutory provision of § 903A.5 Iowa Code (2011) providing pretrial credits to be applied to an offender's sentence requires that time spent in jail on a previously dismissed charge [] should be applied to a new and separate conviction."

Iowa Code section 903A.5 states in pertinent part:

> If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

The State focuses on the legislature's use of the word "sentence." In its view, the "[c]redit is to be applied for time served on the term of the 'sentence'" and "[t]he parameters of a sentence are limited to when an offender is charged with the offense for which he is ultimately convicted and when he is sentenced to prison." The State categorically asserts, "[t]he statutory provisions do not allow credit for time served on a dismissed charge which is later re-filed."

The district court found this interpretation of section 903A.5 "too narrow." The court reasoned that the State was essentially attempting to equate "sentence" with "case" and this interpretation did not square with a rule of criminal procedure or with appellate opinions referring to the same "offense," "crime," or "charge." The court was correct.

Iowa Rule of Criminal Procedure 2.26(1)(f) states: a "defendant shall receive full credit for time spent in custody *on account of the offense for which the defendant is convicted*." (Emphasis added.) This rule is to be interpreted "in tandem with" section 903A.5. *State v. Calvin*, 839 N.W.2d 181, 186 (Iowa 2013).

In *Calvin*, the Iowa Supreme Court read the rule and statute to permit "credit for time served in jail as a penalty for drug court program violations." *Id.* at 186-87. The court reasoned as follows:

> Calvin's success in the program was directly related to the ultimate sentence to be imposed. The parties had agreed to jointly recommend that he receive a suspended sentence upon his successful completion of the program and that he would serve a

> prison sentence if he failed to complete the program. Calvin's participation in the program was intended to provide an opportunity for him to realize the benefits of a plea bargain that would lead to a lesser sentence.

*Id.* at 186. The court contrasted Calvin's fact pattern with a case in which the jail time "was entirely unrelated to the guilt or sentencing phases of the defendant's trial on the underlying offense." *Id.*

The same distinction applies here. The State dismissed the original charges in exchange for Fletcher's cooperation. When Fletcher failed to cooperate, the State refiled the identical charges. The two cases were joined at the hip, with the second flowing directly from the agreement in the first. Under these circumstances, section 903A.5 and rule 2.26(1)(f) dictated a grant of credit for the 105 days served in jail following Fletcher's initial arrest and dismissal of the charges. See *State v. Allensworth*, 823 N.W.2d 411, 415-16 (Iowa 2012) ("Section 903A.5 by its plain language provides a credit against the prison sentence for time served in jail on the same charge."); *State v. Orte*, 540 N.W.2d 435, 438 (Iowa 1995) (stating "a defendant is entitled to credit for time served only when the time served is related to the crime for which the defendant is convicted"); *State v. Harrison*, 468 N.W.2d 215, 217 (Iowa 1991) (stating a "charge" must have been brought before section 903A.5 would be triggered); *Walton v. State*, 407 N.W.2d 588, 591 (Iowa 1987) (stating a "defendant is not entitled to sentence credit for time spent incarcerated under a sentence for an unrelated offense"); *see also Wiebe v. State*, 149 So. 3d 729, 731 (Fla. Dist. Ct. App. 2014) ("The State has not cited any authority for the proposition that if the

State nolle prosses a charge and later refiles, . . . a defendant held on that charge pending trial loses the right to credit for time served.").

We conclude the district court did not err in granting Fletcher a 105-day credit for time served in jail following his initial arrest and dismissal of charges.

**AFFIRMED.**