571 So.2d 87 (1990)
Francisco CANALES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-428.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
*88 James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
On March 25, 1989 at around 1:20 a.m. Francisco Canales, while intoxicated, drove through a traffic signal at about 70 miles per hour hitting and killing two teenage boys properly crossing the intersection. He fled the scene and attempted to clean his car at the Econo Lodge, his place of employment, before returning to his room. He was observed by his employer who called the police.
Canales pled no contest to two counts of DUI manslaughter, one count of leaving the scene and one count of driving with a suspended driver's license. Based upon a prior New York conviction for manslaughter,[1] the trial court found that Canales was an habitual violent felony offender and sentenced him to consecutive terms of 30 years for each DUI manslaughter and five years each on the two remaining counts.
Since this offense occurred on March 25, 1989, the controlling statute is the 1988 version of section 775.084, Florida Statutes. Appellant argues that the plain wording of the habitual felony offender statute does not authorize an enhanced sentence when one of the two felonies was committed out of state.
Section 775.084(1)(a) defines an habitual felony offender as a defendant who has previously been convicted of two or more felonies in this state. Since this is appellant's first offense in Florida, he clearly does not fall within the definition; however, section 775.084(1)(b) defines an habitual violent felony offender as a defendant who has been convicted of one or more of the following offenses: arson, sexual battery, robbery, kidnapping, aggravated child abuse, aggravated assault, murder, manslaughter, unlawful throwing, placing, or discharging a destructive device or bomb, or armed burglary. Under the habitual violent felony provision there is no requirement that the prior violent felony be committed in Florida.
Canales urges that since the habitual violent felony offender provision does not specifically permit the enumerated offenses to have been committed outside Florida, we should apply the rule of lenity set out in section 775.021, Florida Statutes (1988) and construe the provision in his favor. We find that a careful reading of the entire statute shows that the legislature intended to treat habitual felons and habitual violent felons differently and elected not to require both felonies to be *89 committed in Florida when dealing with violent felons.
This is evidenced by the fact that the habitual nonviolent felon provision, while requiring at least two Florida felonies, permits the five year timing requirement to be met either if the previous Florida felony was committed within five years of the sentencing offense or if the defendant committed a "qualified offense" (an out-of-state offense punishable by imprisonment in excess of one year) within five years of the sentencing offense. In other words so long as two felonies have been committed in Florida, it is not necessary that they be committed within five years of each other so long as the defendant committed a felony-equivalent offense in some other state within five years of the Florida felony for which he is about to be sentenced. No such "qualified offense" provision is included in the habitual violent felony section because the legislature intended that any previous violent felony committed within five years, wherever committed, would justify an enhanced penalty for a subsequent Florida violent felony.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] In 1984 appellant was driving along a one-way residential street in the Bronx at a high rate of speed. He ran a stop sign and hit another car. Two people were killed and four were seriously injured. Appellant was intoxicated. He was convicted of second degree manslaughter in 1985. New York had no DUI manslaughter statute. Appellant was on parole from New York when the Florida offense occurred.