**Michael C. RENNER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–2336.

United States Court of Appeals, Seventh Circuit.

SUBMITTED Sept. 19, 2002 *.

DECIDED Oct. 11, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

■ Michael Renner was at one time the senior vice president for commercial loans at the Community Bank of Greater Peoria (which has since gone under). The bank failed in large part because of a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2). It has been submitted to the panel that heard the direct appeal pursuant to this Court's Internal Operating Procedure 6(b).

fraudulent scheme to issue secret letters of credit to support private business ventures of the bank's two owners. Renner played a part in that scheme, for which he was indicted and convicted by a jury for violations of 18 U.S.C. § 1344. This court affirmed both his conviction and his 32–month sentence on direct appeal. See *United States v. Renner*, 238 F.3d 810, 814 (7th Cir.2001). A few months after our decision, Renner filed a petition to vacate both his sentence and the underlying petition under 28 U.S.C. § 2255, on the ground that he received constitutionally ineffective assistance of counsel at the trial. The district court permitted him to file affidavits in support of his petition, but ultimately it concluded that as to part of his claim he could not establish ineffective performance, and as to the other part he could not establish prejudice. See generally *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We conclude that on this record Renner cannot demonstrate prejudice on either point, and we therefore affirm.

The centerpiece of Renner's § 2255 petition is that his lawyer entirely misunderstood the elements of the case the government had to prove, and that misunderstanding led the lawyer to mishandle the government's star witness, John Dailey (one of the bank officers, and another member of the scheme). As we pointed out in our earlier opinion, the lawyer argued that the government had to prove two distinct things in order to convict Renner: first, that he caused the bank to issue the letters of credit, and second, that he failed properly to record them after they were issued. Paragraph Eight of the indictment may have suggested this argument to the lawyer, as it charged that Renner:

> in order to execute and attempt to execute the scheme, knowingly caused the Bank to issue letters of credit ... for

the benefit of the ... Businesses ..., and in violation of Bank and regulatory policy, caused the existence of such letters of credit not [to] be recorded properly on the books and records of the Bank.

Using an instruction that this court approved on the direct appeal, 238 F.3d at 812, the district court told the jury that the scheme to which the indictment referred "mean[t] the illegal extension of credit by reason of letters of credit unbooked on the books and records of Community Bank of Greater Peoria."

We found, on appeal, that Renner's lawyer was mistaken in his legal position that the government had to prove that Renner both caused the letters of credit to be issued and that he failed to book them. Instead, it was enough to show that he knowingly played a part in the overall fraudulent scheme. 238 F.3d at 814. The jury instructions adequately reflected this legal theory, and the evidence amply supported the jury's decision to convict.

In his petition under § 2255, Renner now argues that his trial counsel was so badly mistaken on the governing law that his performance fell below the constitutional minimum contemplated in *Strickland*, and that this error prejudiced him and made the outcome of the trial fundamentally unreliable principally because it affected counsel's approach to the government's star witness, Dailey. Renner also argues that counsel was constitutionally ineffective because he failed to prepare either his client or any of the defense witnesses for direct or cross-examination. The district court denied the § 2255 petition. It concluded that the record as a whole showed that the lawyer presented an acceptable defense (namely, Renner's lack of knowledge of the fraudulent scheme), but that the jury simply did not

believe Renner. Thus, on the first claim, the court declined to find defective performance. With respect to the second claim, the court gave Renner the benefit of the doubt and assumed that counsel had utterly failed to prepare the witnesses and that this was deficient performance. Nevertheless, the court found that Renner could not show prejudice, in light of the strong evidence against him.

On appeal, Renner claims that the district court erred with respect to both parts of the case. We consider first his argument that counsel so badly misunderstood the law that he amounted either to a second prosecutor or to no lawyer at all. A number of courts have held that a lawyer's decision based on an erroneous legal conclusion cannot be attributed to trial strategy, and that egregious mistakes render performance ineffective. See, e.g., *Dixon v. Snyder*, 266 F.3d 693, 702–03 (7th Cir. 2001); *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir.1999); *Kennedy v. Maggio*, 725 F.2d 269, 272–72 (5th Cir.1984); *Strader v. Garrison*, 611 F.2d 61, 63 (4th Cir.1979). We have no occasion here to disagree with that proposition; the problem here is that it is not squarely applicable. Even if, as some language in our earlier opinion suggested, see 238 F.3d at 814, the lawyer stressed his two-element theory of the crime, both before the district court and on direct appeal, we agree with the district court that there was more than this before the jury. As we also noted in our opinion, "[t]hroughout the trial, Renner argued he was simply an innocent dupe for Dailey and Becker, who actually issued the LOCs. He protested that he knew nothing of the larger scheme." *Id.* at 812. There was nothing wrong with that position as a theoretical matter; Renner's real complaint is that the jury did not buy it.

■ It is also important to bear in mind that more than a simple mistake of law is needed to show that counsel has provided assistance so poor that it fails the *Strickland* test. See, e.g., *Dixon*, 266 F.3d at 702; *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir.1995); *U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1014 (7th Cir. 1987)(it is "not enough for petitioner to show that the errors had some conceivable effect on the outcome of the proceeding"). Instead, as we explained in *Anderson v. Sternes*, 243 F.3d 1049 (7th Cir.2001):

> To succeed on an ineffective assistance claim, a defendant must establish that his counsel's performance was constitutionally deficient, meaning that the performance fell below the legal profession's objective standards for reasonably effective representation and that the deficiency prejudiced the defendant's defense, meaning that there is a reasonable probability that but for [counsel's] unprofessional errors, the results of the proceedings would have been different.

*Id.* at 1057 (citation and internal quotation marks omitted).

Here, Renner argues that his trial lawyer's efforts fell below that objective level. The district court disagreed, noting that the lawyer had also put before the jury the only defense that might have helped Renner—namely, his lack of knowledge. Nevertheless, we need not resolve the debate over counsel's performance definitively, because we conclude that Renner cannot show prejudice from the lawyer's erroneous theory. His current lawyers portray this as a case in which literally the only evidence tying Renner to the illegal scheme came from Dailey, and that Renner's lawyer totally mishandled Dailey as a witness. We respectfully disagree. As we pointed out earlier, Renner was caught red-handed with approximately 45 unbooked letters of credit in his own desk drawer—a place that the jury reasonably

might have thought was not the normal filing location for documents representing millions of dollars of financial exposure for the bank. Furthermore, the district court found that Renner was not a credible witness before the jury. The jury was entitled to disbelieve his protestation that he had been an honest dupe for Dailey. If it thought instead that Renner was lying about how he came to have the letters of credit and his role in the scheme (as it evidently did), then even more evidence was present to support the verdict. We are satisfied that the district court did not err when it rejected Renner's § 2255 petition with respect to the lawyer's error of law, in that any errors that were made did not cause the type of prejudice required by *Strickland.*

■ For much the same reason, we agree with the district court that the lawyer's failure to prepare Renner and the other witnesses did not require habeas corpus relief. With respect to this claim, it is also difficult to speculate about how the witnesses' testimony would have changed with better preparation. The principal evidence against Renner would have remained unchanged. We agree with the district court that even if the lawyer's failure to prepare the witnesses fell below the objective performance level to which we hold counsel, Renner cannot show that there is a reasonable probability (as opposed to a mere chance) that the outcome would have been changed.

We AFFIRM the judgment of the district court.

* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Cecil Davis has been substituted for Dan McBride insofar as the suit is against McBride in his official capacity.