[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

No. 05-15667
Non-Argument Calendar

_____

D. C. Docket Nos. 98-08045-CV-2-RBP-RRA
95-00091-CR-PT

LEROY STEVEN WOFFORD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 14, 2006)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Leroy Steven Wofford, a federal prisoner, appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. The district court issued a certificate of appealability only as to whether it should hear further evidence relating to the type of methamphetamine on which Wofford's sentence was based and the effectiveness of his counsel as to that issue.[1] On appeal, Wofford asserts that the district erred by failing to hold an evidentiary hearing on his claim of ineffective assistance of counsel because his counsel was unprepared and ignored crucial issues and evidence. He contends that his attorney failed to argue that Wofford was responsible for L-type methamphetamine, as opposed to

---

[1] Wofford raised numerous issues in his motion to vacate his sentence and in a supplement: (1) whether his counsel was ineffective for failing to object to the government's failure to prove the type of methamphetamine involved in the conspiracy claim; (2) the district court's error in sentencing him for the wrong type of methamphetamine; (3) the failure of the district court to suppress witness testimony; (4) the government's improper vouching for witnesses credibility during closing arguments; (5) whether he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); and (6) whether the district court lacked jurisdiction to try him because the indictment failed to specify the amount of methamphetamine for which he should be held accountable.

The district court granted Wofford a certificate of appealability ("COA") without specifying any issues. We remanded for clarification of the COA, and the district court issued an order concluding that "the only issue warranting appeal is whether the district court should hear further evidence relating to the type of methamphetamine that the sentence should have been based upon and the effectiveness of defense counsel with regard thereto." R1-1. It explained that it "did not order an evidentiary hearing because the evidence appeared clear that the defendant possessed with intent to distribute the 'D-type' methamphetamine." Id. at n.1.

After the issuance of our remand order and the district court's COA, Wofford filed an "objection" to our limited remand order. In his objection, he argued that he would be prejudiced by the district court's limitation of the issues on appeal. Because he addressed the issues specified in the COA in his brief, he was not prejudiced. We thus overrule his objection.

D-type methamphetamine, and did not challenge perjured testimony concerning the quantities of the methamphetamine involved in the conspiracy. Wofford asserts that the district court could not determine from the record whether his counsel was ineffective. We AFFIRM.

## I. BACKGROUND

Wofford was indicted for his involvement in a drug conspiracy from 1986 until 1995. During the trial, a co-conspirator, George Robert Booth, testified that he transported methamphetamine and cocaine for Roy Mack West beginning in 1989 until he was caught in 1990 with 25 kilograms of cocaine and 50 gallons of Phenyl2 Propanone ("P2P"), which is used to make methamphetamine. Exh. 187 at 158. He stated that he delivered methamphetamine to Wofford on two different occasions. Id. at 174, 179. On the first occasion, Booth said that he delivered 20 pounds of methamphetamine to Wofford in late 1989 and was paid $10,000.00 for hauling the drugs. Id. at 174-79. On the second occasion, Booth testified that he delivered 13 pounds of methamphetamine and some marijuana to Wofford in December 1989 and thought that he got paid about $10,000. Id. at 179-82.

Another witness, Lloyd Shipley, testified that he had been in the drug manufacturing business as early as 1981. Id. at 435. He stated that he had the intent to manufacture methamphetamine but "never did get to make it" because he

3

did not have the correct formula.  Id. at 436.  He said that he got into the drug business with West in 1987, and continued to operate a large methamphetamine laboratory in 1995 despite being blinded during a methamphetamine cooking accident in December 1987.  Id. at 438-39, 446, 453, 469.  He said that he sold Wofford "speed" about two or three times totaling about 12 pounds during 1994, and delivered about 4 pounds of methamphetamine to Wofford in 1995.  Id. at 457-59, 462, 466.

The jury found Wofford guilty of conspiracy to distribute and to possess with intent to distribute marijuana, cocaine, and methamphetamine.  The district court limited the amount of methamphetamine attributed to Wofford to that which the evidence showed was delivered directly to him, and sentenced him to a term of 284 months in prison.  Exh. 188 at 5-8, 10-11, 14.  He appealed,[2] and we affirmed his conviction and sentence.  United States v. Wofford, No. 96-6413 (11th Cir. Aug. 22, 1997).

In his motion to vacate, Wofford argued that the trial testimony regarding the payment to the courier did not support a finding that D-methamphetamine was involved because the courier was paid an uncertain sum to transport 30 to 35

---

[2]  On direct appeal, Wofford raised three issues:  (1) he had withdrawn from the conspiracy; (2) there was a material variance in the evidence presented at trial which showed multiple conspiracies, and the indictment which charged a single conspiracy; and (3) the district court abused its discretion in declining to instruct the jury regarding the multiple conspiracies.

pounds of methamphetamine and an unknown quantity of marijuana, and there was no testimony regarding the street value of the marijuana.[3] He maintained that the majority of the testimony showed that the methamphetamine resulted from botched manufacturing attempts, and resulted in the production of L-methamphetamine. He also requested an evidentiary hearing.

Although a defendant is generally barred from presenting challenges to his conviction or sentence not raised on direct appeal, he may do so if he establishes (1) cause for not timely raising the claim and actual prejudice from the alleged error or (2) actual innocence. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir.) (per curiam), cert. denied, 543 U.S. 891, 125 S. Ct. 167 (2004). A petitioner can establish cause by showing that his attorney's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064 (1984).

In an appeal from the denial of a § 2255 motion, we review the district court's determination of the legal issues *de novo* and factual issues for clear error. Lynn, 365 F.3d at 1232. We review the district court's denial of an evidentiary

---

[3] Although the presentence investigation is not included in the record on appeal, it appears that the parties concede that the Sentencing Guidelines applied to Wofford were those in effect prior to 1 November 1995. The Guidelines were amended in 1995 to eliminate the distinction between D- and L-type methamphetamine. See U.S.S.G. App. C., Amend. 518, U.S.S.G. § 2D1.1 (Nov. 1995). Prior to this amendment, the trafficking of D-methamphetamine was punished more severely than the trafficking of L-methamphetamine. See U.S.S.G. § 2D1.1 (Nov. 1994).

hearing for abuse of discretion. Breedlove v. Moore, 279 F.3d 952, 959 (11th Cir. 2002). It is not necessary for a district court to hold an evidentiary hearing for a claim of ineffective assistance of counsel "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel." Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999) (citation omitted). A petitioner seeking to show ineffective assistance based on his attorney's failure to object to the court's use of a guideline for cases involving D-type methamphetamine must allege that the trafficked methamphetamine was L- and not D-type. Reece v. United States, 119 F.3d 1462, 1165 (11th Cir. 1997). In such a case, the petitioner cannot establish prejudice unless "he represents that, given an evidentiary hearing, he can establish that the methamphetamine he possessed and distributed was the L-type." Id. at 1468.

In Reece, we explained that "D-methamphetamine [is] the substance having the active physiological effects characteristic of methamphetamine" and that, in contrast, L-methamphetamine is "an inert form of methamphetamine with little or not physiological effects" and "utterly worthless." Id. at 1469 (brackets and quotations omitted). Considering the evidence before the district court that the defendant had "distributed a form of methamphetamine that had street value," "basic information about the drug," and "common sense," we concluded that "there

6

could have been no dispute . . . that the methamphetamine [the defendant] possessed and distributed was the D-type" because to do otherwise would "require us to find that [the defendant] made a conscious decision to distribute a worthless substance." Id. at 1470.

The evidence in this case shows that the methamphetamine had "street value." Booth was paid a substantial amount of money each time that he transported the methamphetamine and delivered it to Wofford. It defies common sense that he would have been paid several thousand dollars to transport a worthless substance such as L-methamphetamine. Further, although Wofford alleges that he could prove that L-methamphetamine was involved in the conspiracy, the only evidence he references is Shipley's testimony that he was unable to manufacture of methamphetamine in 1981. That date, however, predates the conspiracy in this case and specifically does not involve the methamphetamine that was delivered to Wofford in 1989. Wofford has not alleged any additional evidence or testimony to show that L-methamphetamine was produced.

Wofford thus fails to sufficiently allege prejudice stemming from his attorney's performance. Because there was no legitimate dispute regarding the type of methamphetamine involved, the district court was able to ascertain from the record that counsel was not ineffective, and there was no need for an

7

evidentiary hearing.

### III.  CONCLUSION

The record indicates no dispute as to which form of methamphetamine was involved in this case.  Wofford therefore cannot show that he was prejudiced by his counsel's performance, and the district court was not required to hold an evidentiary hearing.  The district court's denial of his motion to vacate his conviction and sentence is

**AFFIRMED.**