[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-14763
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2007
THOMAS K. KAHN
CLERK

D.C. Docket Nos.
04-00045-CV-MP-AK
99-00029-CR-MP

KIER ELGIN RILEY,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

**(August 14, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Kier Elgin Riley, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We granted

a certificate of appealability on this issue: "Whether the district court erred in failing to hold an evidentiary hearing on [Riley's] claim that his trial counsel was ineffective for failing to inform him of a plea agreement offered by the government." Reversible error has been shown; we vacate and remand for further proceedings.

We review the district court's denial of an evidentiary hearing for abuse of discretion. See Breedlove v. Moore, 279 F.3d 952, 959 (11th Cir. 2002). If a prisoner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir. 1989) (internal quotation omitted). But "a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous . . . ." Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002).

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999). "To prevail on an ineffective-assistance-of-counsel claim, a habeas corpus petitioner must show that: (1) his lawyer's performance was deficient, and (2) a reasonable probability that, but for counsel's errors, he would

2

have pleaded guilty and would not have insisted on going to trial." Id. (internal quotation and alteration omitted).

Riley was charged with conspiracy to distribute more than 50 grams of a substance containing cocaine base. Riley's first trial for this offense ended with a hung jury. After Riley was convicted of the conspiracy offense at a second trial, Riley's trial lawyer, Victor Africano, withdrew from Riley's case. Thomas Miller assumed representation of Riley; and Riley was sentenced to 235 months' imprisonment. According to Riley, Miller told Riley that the government had made an offer to Africano -- before Riley's second trial -- that Riley could plead guilty and serve a sentence of "8 to 15 years" in prison. Riley asserts that he was not informed of this plea offer and that, if he was timely informed of the government's plea offer, he would have accepted it.

As part of its response to Riley's section 2255 motion, the government submitted an affidavit by Miller stating that "At no time during undersigned counsel's representation of defendant was a 'plea offer' tendered by the government which would/could have resulted in a reduced sentence." In deciding that an evidentiary hearing was not required in this case, the district court noted, among other things, that Miller's affidavit explained that no plea was offered during Miller's representation of Riley. The government argues that Miller's

affidavit refutes Riley's claim that Miller had advised him of a government plea offer.

But Miller's affidavit only addresses events during Miller's representation of Riley and does not respond to Riley's allegation that a plea offer was made while Riley was represented by Africano. Therefore, Miller's affidavit does not affirmatively contradict Riley's assertion that Miller told him of a plea offer made by the government before Miller succeeded Africano in representing Riley. For this reason, the district court erred in concluding that an evidentiary hearing was not appropriate here.[*]

We vacate the district court's order denying Riley's section 2255 motion and remand this case for the district court to conduct an evidentiary hearing on Riley's claim that his trial lawyer was ineffective for not informing him of a plea offer made by the government.

VACATED AND REMANDED.

---

[*]We note that, although the government's response to Riley's section 2255 motion denied making a plea offer to Riley and the government has explained that its standard operating procedure does not include making plea offers of specific sentences, the government has not submitted a sworn affidavit stating that a plea offer was never made in Riley's case. Therefore, the record contains no sworn affidavits from the government or from Africano, who is deceased. Riley has submitted an affidavit supporting his version of events; and Miller's affidavit is unresponsive to Riley's allegation that Miller was aware of a plea offer made during Africano's representation of Riley. In the light of all of these circumstances, an evidentiary hearing is not inappropriate.