[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16371
Non-Argument Calendar

_____

D. C. Docket Nos. 04-22395-CV-JAL & 00-00376 CR-JAL

YUBY RAMIREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 20, 2007)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Yuby Ramirez appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate in which she argued that her trial counsel was constitutionally ineffective in advising her whether to accept a plea offer.

Ramirez was indicted for witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(c). Specifically, count three alleged in relevant part that Ramirez had "knowingly, intentionally and willfully" killed Benardo Gonzalez with the intent to keep Gonzalez from communicating to a law enforcement officer or judge about the commission of federal offenses by certain individuals. Because the witness tampering in question was the killing of a witness, the applicable statutes of limitations and statutory punishments depended on whether the killing was a capital offense or non-capital offense. If capital, there is no limitations period. 18 U.S.C. § 3281. If non-capital, a five-year limitations period applied, which would render the indictment tardy because it was returned more than five years after the offense had been committed. 18 U.S.C. § 3282(a) (providing that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed").

Several months before trial, Ramirez moved to dismiss count three, claiming that it alleged a non-capital offense and was governed by a five-year statute of

2

limitations under 18 U.S.C. § 3282. Ramirez argued that because *Furman v. Georgia*, 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972) invalidated the death penalty provisions of 18 U.S.C. § 1111, and because § 1512(a)(2) incorporates § 1111, a violation of 1512(a)(1)(c) is a non-capital offense. The district court denied the motion, finding that count three charged a capital offense.

Despite the district court's denial, counsel still believed, under a different theory, that the indictment only charged Ramirez with manslaughter because: (1) the only offense chargeable under 18 U.S.C. § 1512(a)(1) that qualifies as a capital offense is first degree murder; and (2) counts 1-3 did not allege "premeditation" or "malice aforethought"—essential elements of first degree murder. Trial counsel therefore advised Ramirez that the indictment only charged manslaughter, not murder, and therefore was barred by the statute of limitations. Trial counsel further advised Ramirez of their strategy to file a motion attacking the indictment on this basis after jeopardy had attached and, even if the motion failed, she would at most face a ten-year term of imprisonment for manslaughter. Based on this advice, Ramirez rejected successive government plea offers of five-year and ten-year terms of imprisonment in exchange for her cooperation.[1]

_____

[1]Ramirez had two attorneys, one of which submitted an affidavit, and the other, who is now a judge, submitted an interview proffering testimony that would be presented at an evidentiary hearing. Both attorneys state that they did not advise her of the possibility of a first degree murder

After the jury had been sworn in, Ramirez filed her motion for judgment of acquittal based on the statute of limitations, asserting that the indictment was insufficient because it failed to charge the necessary elements of first degree murder. The district court construed the motion as a Fed. R. Crim. P. 12(b)(2) motion and denied it as untimely. The jury found Ramirez guilty.

On appeal, we affirmed the district court, holding that the failure to raise the attack on the indictment prior to trial resulted in waiving the argument. *United States v. Ramirez*, 324 F.3d 1225, 1228-29 (11th Cir. 2003) (per curiam). Ramirez was convicted of witness tampering involving murder and sentenced to life imprisonment, which is the minimum sentence for murder under 18 U.S.C. § 1512 (a)(3)(A).

With respect to the instant appeal, the district court denied Ramirez's § 2255 motion without an evidentiary hearing. Although Ramirez asserted ineffectiveness on several grounds, we granted a certificate of appealability only on the issue of:

> Whether trial counsel were ineffective because they misrepresented
> the maximum sentence Ramirez faced under the sentencing
> guidelines if convicted at trial. *Finch v. Vaughn*, 67 F.3d 909, 916

conviction and resulting life sentence. Both attorneys also state that they misrepresented the statutory maximum and that Ramirez relied on this misrepresentation when rejecting the plea offers.

4

(11th Cir. 1995).

Ramirez asserts that her attorneys incorrectly believed and advised her that: (1) the indictment did not charge first degree murder; (2) the indictment at worst charged voluntary manslaughter, which would subject her to a ten year maximum sentence; and (3) the ten-year maximum would apply even if they lost the motion for a judgment of acquittal/motion to dismiss the indictment. Ramirez asserts that even if counsel held an earnest, good-fath belief that the indictment was flawed, they were required to inform her that she faced the possibility of a life-term sentence when she was considering the government's plea offers.

A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Brownlee v. Haley*, 306 F.3d 1043, 1058 (11th Cir. 2002); *Finch*, 67 F.3d at 914.

"To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it fell below an objective standard of reasonableness; and (2) 'the deficient performance prejudiced the defendant.'" *Gordon v. United States*, 496 F.3d 1270, 1276-77 (11th Cir. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). In reviewing counsel's performance, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.* at 1314. In evaluating the reasonableness of counsel's actions, we must avoid second-guessing counsel's performance, as the fact that counsel takes an approach other than the one the court would have chosen is not ineffective assistance. *Id.* An unsuccessful strategy or defense is also not ineffective assistance. *Id.*

"One of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether [s]he should enter a plea of guilty." *Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). "For a guilty plea to represent an informed choice so that it is constitutionally knowing and voluntary, the [c]ounsel must be familiar with the facts and the law in order to advise the defendant of the options available." *Finch*, 67 F.3d at 916 (alteration in original; internal quotation marks omitted). "The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis . . . as such an omission cannot be said to fall within the wide range of professionally competent assistance demanded by the Sixth

6

Amendment." *Id.* (alteration in original; internal quotation marks omitted).

Ramirez is entitled to an evidentiary hearing on her ineffective assistance claim if she alleges facts which, if proven, would entitle her to relief. *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999); *see also* 28 U.S.C. § 2255 (providing that a movant is entitled to an evidentiary hearing where the records and files of the case do not conclusively show that she is not entitled to relief). A district court, however, need not conduct an evidentiary hearing if it can be conclusively determined from the record that there was no denial of effective assistance of counsel. *Singletary*, 170 F.3d at 1054.

At the time counsel advised Ramirez that she faced, at most, a ten-year maximum for manslaughter if the motion for judgment of acquittal was denied, their defense strategy had three possible outcomes: (1) the district court could agree with their statute of limitations argument and grant their motion; (2) the district court could agree with their reading of the indictment, but reject that the indictment was untimely; or (3) the district court could reject the statute of limitations argument and their reading of the indictment. The result of these outcomes would be, respectively: (1) an acquittal; (2) a possible conviction that had at most a ten-year statutory maximum; or (3) a possible conviction with a mandatory sentence of life imprisonment.

Here, where the district court had already ruled that the indictment charged a capital offense with no statute of limitations, counsel should have known that the third result (a life sentence) was a possibility, however unlikely they considered it to be. Consequently, if it is true that counsel advised, at the time Ramirez was considering plea offers of five- and ten-year terms, that Ramirez only faced a maximum punishment of ten years when in actuality she faced a possible life sentence, such performance was constitutionally deficient. *See United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) ("An attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial.").

Thus, the district court's decision to forego an evidentiary hearing on the basis that it was conclusive from the record that counsel did not perform deficiently was in error. Because the district court did not address whether counsels' performance prejudiced Ramirez, we do not reach it. On remand, if the district court finds that Ramirez adequately alleged prejudice, Ramirez is entitled to an evidentiary hearing. 28 U.S.C. § 2255; *Singletary*, 170 F.3d at 1053. We accordingly vacate and remand.

**VACATED AND REMANDED.**

8