[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11489
Non-Argument Calendar

_____

D. C. Docket Nos. 04-22395-CV-JAL
00-00376-CR-JAL

YUBY RAMIREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 18, 2009)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Yuby Ramirez, a federal prisoner serving a life sentence, appeals through

counsel the district court's denial of her 28 U.S.C. § 2255 habeas corpus petition alleging ineffective assistance of counsel. She also appeals the district court's denial of an evidentiary hearing on whether she was prejudiced by her trial counsel's deficient performance based on their mistaken belief that she was not charged with a capital offense.

The court applied the standard for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), and initially denied Ramirez's § 2255 petition. The court found that Ramirez did not establish that counsel's performance fell below an objective standard of reasonableness. Accordingly, it neither addressed whether counsel's performance was prejudicial nor granted an evidentiary hearing.

On Ramirez's first appeal, we found that counsel performed deficiently by mistakenly advising Ramirez at the time she was considering plea offers for five- and ten-year prison terms that she faced at most a ten-year prison term if convicted at trial when she actually faced a possible life sentence. *Ramirez v. United States*, 260 F. App'x 185, 188 (11th Cir. 2007) (per curiam). We remanded the case to the district court to determine whether counsel's deficient performance was prejudicial. On remand, the district court again denied Ramirez's § 2255 motion and request for an evidentiary hearing, finding that she failed adequately to allege

2

prejudice. We then granted a certificate of appealability on the issue whether Ramirez satisfied *Strickland*'s prejudice prong with evidence that but for counsel's deficient advice regarding the possible statutory maximum sentence, she would have pleaded guilty.

In this appeal, Ramirez alleges that she was prejudiced because she would have pleaded guilty if counsel had advised her to do so. For the reasons below, we find that an evidentiary hearing is warranted here. We therefore vacate the district court's denial of an evidentiary hearing and remand for further proceedings.

## STANDARD OF REVIEW

An ineffective assistance of counsel claim is a mixed question of law and fact, which we review *de novo*. *Devine v. United States,* 520 F.3d 1286, 1287 (11th Cir. 2008) (per curiam). We review a district court's denial of an evidentiary hearing for an abuse of discretion. *Aron v. United States,* 291 F.3d 708, 714 n.5 (11th Cir. 2002).

## DISCUSSION

Ramirez argues that she has shown prejudice under *Strickland* because had counsel known that the indictment charged first-degree murder, a capital offense, they would have advised her to take the plea offer, and she would have taken it. Alternatively, she argues that she has alleged sufficient facts to warrant an

3

evidentiary hearing on the issue of prejudice.

To challenge the plea process based on ineffective assistance of counsel, a federal habeas petitioner must satisfy the two-part test articulated in *Strickland.* To succeed under *Strickland*, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense," 466 U.S. at 687-88, 104 S. Ct. at 2064. When challenging the plea process, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, [s]he would . . . have pleaded guilty and would [not] have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (per curiam) (quotation omitted).

"A federal habeas corpus petitioner is entitled to an evidentiary hearing if [s]he alleges facts, which, if proven, would entitle h[er] to relief." *Diaz v. United States,* 930 F.2d 832, 834 (11th Cir. 1991) (quotation omitted). "[A] petitioner need only *allege*–not prove–reasonably specific, non-conclusory facts . . . ." *Aron*, 291 F.3d at 715 n.6. "The court on review must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid

4

claim. . . ." *Diaz*, 930 F.2d at 834 (quotation omitted). "If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing." *Aron*, 291 F.3d at 715 n.6.

Since we have already determined that Ramirez's trial counsel performed deficiently, *Ramirez*, 260 F. App'x at 188, we consider only the district court's prejudice analysis. *See United States v. White*, 846 F.2d 678, 684 (11th Cir. 1988) (quotation omitted) ("The doctrine of the law of the case mandates that an appellate court decision on an issue . . . be followed in all subsequent trial court proceedings in the same case."). The district court erred in its prejudice analysis because it attempted to isolate counsel's assessment of the strength of the statute of limitations defense from counsel's advice regarding Ramirez's potential maximum punishment. The two, however, are directly related. Since counsel did not believe that the indictment charged first-degree murder, counsel did not contemplate that Ramirez possibly faced a life sentence.

Ramirez's statements and counsel's affidavit and interview suggest that Ramirez would have done whatever counsel advised, including pleading guilty. But counsel advised Ramirez under the mistaken belief that she would face no imprisonment if acquitted or at most ten years' imprisonment if convicted at trial.

5

If counsel believed that the indictment charged first-degree murder, a capital offense not subject to a statute of limitations defense, then it stands to reason that counsel would not have believed so strongly that Ramirez's indictment was time barred. *Cf.* 18 U.S.C. § 3281 (no statute of limitations for capital offenses) *and* 18 U.S.C. § 3282(a) (five-year statute of limitations for non-capital offenses).

The government denies that an evidentiary hearing is warranted because Ramirez alleges no facts demonstrating that she would have accepted the plea offers had she known that she faced life imprisonment. Nor has she alleged, argues the government, that counsel would have advised her to plead guilty if they had known that she possibly faced life imprisonment.

But since counsel's affidavit and interview are silent on the issue, the record does not "affirmatively contradict[]" Ramirez's non-frivolous allegation that she would have pleaded guilty if properly advised. *Aron*, 291 F.3d at 715 n.6. Thus, the district court abused its discretion by denying an evidentiary hearing on whether Ramirez was prejudiced by counsel's deficient performance.

## CONCLUSION

After carefully reviewing the parties' briefs and the record, we conclude that the district court erred in its prejudice analysis and abused its discretion by not conducting an evidentiary hearing on whether Ramirez's counsel would have

6

advised her to plead guilty absent their own deficient performance. Accordingly, we vacate and remand for an evidentiary hearing on (1) whether Ramirez would have pleaded guilty upon the advice of counsel, and (2) whether counsel would have advised her to plead guilty had they known that she faced possible life imprisonment.

**VACATED AND REMANDED.**