[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11108
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-25139-RNS,
1:14-cr-20344-RNS-2

MADELINE RODGERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Madeline Rodgers appeals the denial of her motion to vacate her convictions

for conspiring to commit bank and wire fraud, 18 U.S.C. § 1349, and for two

counts of wire fraud. *id.* § 1343. 28 U.S.C. § 2255. We issued a certificate of appealability to address whether Rodgers's trial counsel was ineffective for alleging during opening statements that serving as and using a straw buyer to purchase residential properties was not illegal. Because Rodgers's counsel did not act deficiently by making the statement and Rodgers failed to establish that counsel's action prejudiced her defense, we affirm.

A grand jury indicted Rodgers and a coconspirator for defrauding financial institutions by submitting false and fraudulent loan applications electronically. The indictment alleged that Rodgers and her cohort "recruited straw buyers to act as . . . mortgage applicants." The indictment further alleged that Rodgers and her coconspirator induced lending institutions to fund monies using "loan applications and related documents . . . [that] contained numerous false statements and representations relating to the straw buyers' employment, income, deposits, assets, liabilities, intent to make the property a primary residence, and other information" and that they diverted loan proceeds for personal use and to pay the straw buyers.

Rodgers entered a plea of not guilty to the charges and proceeded to trial. During opening statements, Rodgers's counsel stated that the use of a straw buyer in a property transaction was not illegal. Counsel stated, "And one of the things I am absolutely certain you are going to notice is that nobody is charged with being a straw buyer and nobody is charged with using a straw buyer and there is reason

2

for that. It is not illegal to be a straw buyer, nor is it illegal to use a straw buyer to purchase property." The government presented testimony from three straw buyers and a federal agent and introduced numerous documents that the jury found sufficient to establish Rodgers's guilt for conspiracy and wire fraud.

Rodgers moved to vacate her convictions on the ground that trial counsel was ineffective for "incorrectly t[elling] the jury that 'being a straw buyer or using a straw buyer' was not illegal." *See* 28 U.S.C. § 2255. The government responded that counsel's statement was a correct statement of law and he acted reasonably in contesting the charges against Rodgers, and in the alternative, that counsel's statement did not prejudice Rodgers. The district court denied Rodgers's motion.

We review *de novo* the denial of a motion to vacate based on a claim of ineffective assistance of counsel. *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc). A "high bar" exists for a postconviction movant to prevail on an argument that trial counsel acted ineffectively. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The movant must prove both that counsel acted deficiently and that those errors "were significant enough to have affected the outcome" of the trial. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Because counsel is presumed to have provided representation "within the 'wide range' of reasonable professional assistance," for the movant to succeed on an argument of deficient performance, he must establish that counsel's errors were

3

"so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984); *see Chandler*, 218 F.3d at 1314. Even if counsel acted deficiently, the movant must also prove that his counsel's errors were "so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

The district court did not err by denying Rodgers's claim that counsel made a professional error during his opening statement. Rodgers's counsel made an accurate statement about straw buyers as part of his strategy to persuade jurors that Rodgers's conduct did not equate to defrauding a financial institution, 18 U.S.C. § 1344. Section 1344 punishes the act of making false representations to a bank with the intent to obtain money or property. *Id.* Counsel acknowledged that Rodgers recruited and paid straw buyers, but "following the plain terms of the statute," counsel argued that the straw buyers committed the fraud by preparing the false documents that deceived the mortgage lenders. *See Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (citing from *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 790 (D.S.C. 1992), that "[a]n attorney cannot be held liable for following the plain terms of a statute when there are not compelling circumstances to suggest otherwise, even [if] a court later decides that interpretation is erroneous."). We cannot say "no competent counsel" would have advanced the technically correct argument that Rodgers's involvement with straw buyers,

4

persons whose identities were used to purchase property yet never intend to occupy or own the property, without more, was not a federal crime. *See Chandler*, 218 F.3d at 1315. The government detected defense counsel's strategy and clarified during its closing argument that the buyers' representations about purchasing property that "in reality they are buying . . . for somebody else" "is illegal because "the bank wouldn't have approved . . . if they knew that that individual was a straw buyer." And the prosecutor highlighted that Rodgers "was directly involved in submitting this false information to all of the banks."

Even if we were to assume that counsel was deficient, Rodgers could not establish a reasonable probability that his trial would have ended differently but for counsel's argument. Counsel made the argument during opening statements, after which the government presented substantial evidence of Rodgers's guilt. In addressing Rodgers's challenge to the sufficiency of the evidence on direct appeal, we concluded that "the evidence proved that Rodgers conspired with other persons . . . to defraud financial institutions by submitting false loan applications signed by" straw buyers, *United States v. Rodgers*, 631 F. App'x 912, 913 (11th Cir. 2015), and that "[a]mple evidence prove[d] that Rodgers and her coconspirators affected financial institutions by causing them to transfer loan proceeds using interstate wire transmissions," *id.* at 914. And the district court instructed the jury before opening statements and after closing statements that the arguments of

5

counsel were not evidence. The arguably "improper statements [by Rodgers's counsel] c[ould] be rectified by the district court's instruction[s] to the jury that only the evidence in the case be considered." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) (quoting *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990)). We presume the jury followed that instruction. *Id.* In the light of the solitary nature of counsel's argument, the substantial evidence of Rodgers's guilt, and the curative instructions given by the district court, there exists no basis to conclude that she established there existed a substantial likelihood of a different outcome had counsel not made his argument about straw buyers.

We **AFFIRM** the denial of Rodgers's motion to vacate.