[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14021
Non-Argument Calendar

_____

D. C. Docket No. 05-80135-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LANORRIS GUYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 27, 2007)**

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kevin Lanorris Guyton appeals his conviction and sentence for distribution of cocaine, in violation of 21 U.S.C. §§ 851, 841(a)(1) and (b)(1)(C). Guyton argues that the government failed to present evidence sufficient to prove that he violated 21 U.S.C. § 841. Second, Guyton argues that the government engaged in impermissible racial discrimination when it exercised a peremptory challenge to strike a black male from the jury pool. Last, Guyton argues that his sentence was improperly enhanced based on prior convictions that were not charged in the indictment or submitted to the jury, in violation of his Fifth and Sixth Amendment rights. Guyton concedes, however, that we have held that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is still binding precedent in this Circuit. For the reasons set forth more fully below, we affirm.

Before trial, the government filed a notice of prior felony drug convictions, pursuant to 21 U.S.C. § 851. The notice indicated that, in March 1999, Guyton was convicted of one count of selling cocaine and one count of possession of cocaine, in violation of Florida state law. Guyton did not challenge the validity of these prior convictions at the sentencing hearing.

The jury found Guyton guilty of the charge in the indictment. The district court sentenced Guyton to 262 months' imprisonment and 6 years' supervised

2

release.

**I.**

We review <u>de novo</u> "whether there is sufficient evidence to support the jury's verdict." <u>United States v. Ortiz</u>, 318 F.3d 1030, 1036 (11th Cir. 2003). We will affirm the jury's verdict "if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." <u>Id</u>. (quotation omitted). On review, the evidence is viewed "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." <u>Id</u>. (quotation omitted). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . . A jury is free to choose among the constructions of the evidence." <u>United States v. McDowell</u>, 250 F.3d 1354, 1365 (11th Cir. 2001) (quotation omitted).

To convict a defendant of distribution of cocaine, the government must prove that the defendant knowingly or intentionally distributed or dispensed the cocaine. 21 U.S.C. § 841(a)(1). Here, Ann Judah and Agent Kim Wright both testified that the DEA directed Judah to arrange a cocaine transaction with Guyton. Judah and Guyton agreed to meet at the Harbor Lights Inn and Agent Wright accompanied Judah to the motel. During the transaction, Judah was equipped with

3

video and audio recording devices. At the motel, Guyton met with Judah near her car and asked for a cigarette. Judah gave Guyton a box of Marlboro 100s and in return, Guyton handed Judah a Kool cigarette box, which was later found to contain cocaine. In exchange, Judah handed Guyton $200.00. Agent Wright confirmed that she had Judah within her sight during the entire transaction and further testified that she conducted searches of Judah both before and after the transaction and did not find Judah in possession of any contraband. Although Guyton does not appear in the video recording, his voice could be heard on both video and audio recordings and was identified by Judah and Agent Wright, along with several other agents who had become familiar with his voice during previous conversations. Moreover, Judah's testimony concerning the transaction was consistent and was corroborated by Agent Wright. Further, although Guyton attempts to assert that another person might have been responsible for the drug transaction, the jury was free to disregard such a theory in light of the evidence presented at trial. See McDowell, 250 F.3d at 1365. For all these reasons, the government's evidence was sufficient to establish each element of the distribution charge, specifically, that Guyton knowingly and intentionally distributed cocaine.

**II.**

We review the district court's resolution of a <u>Batson</u>[1] challenge with great

deference.  <u>United States v. Allen-Brown</u>, 243 F.3d 1293, 1296 (11th Cir. 2001).

"A district court's finding as to why a juror is excused is an issue of fact, and as

such, it will not be disturbed on appeal 'unless it is clearly erroneous or appears to

have been guided by improper principles of law.'" <u>Id</u>. at 1297.  "The <u>Batson</u>

three-step procedure for evaluating an objection to a peremptory challenge is as

follows: (1) the objector must make a <u>prima facie</u> showing that the peremptory

challenge is exercised on the basis of race; (2) the burden then shifts to the

challenger to articulate a race-neutral explanation for striking the jurors in

question; and (3) the trial court must determine whether the objector has carried its

burden of proving purposeful discrimination." <u>Id</u>.  <u>Batson</u> is violated even if only

one peremptory strike resulted from discriminatory intent.  <u>Cochran v. Herring</u>, 43

F.3d 1404, 1412 (11th Cir. 1995).

The district court did not clearly err in finding that Guyton failed to prove

that the government engaged in purposeful race discrimination in light of the

government's legitimate race-neutral reasons for striking a black male from the

jury.  "The fact that a prospective juror has prior . . . involvement with drug

---

[1] <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1968).

charges . . . has been deemed a racially neutral reason for the government to strike under Batson." United States v. Bennett, 928 F.2d 1548, 1551 (11th Cir. 1991) (quotation omitted). Here, the record indicates that the prospective juror was previously arrested for drug possession, a charge that was closely related to the offense with which Guyton was charged. Accordingly, the district court did not clearly err in finding that it was a legitimate, non-discriminatory reason for striking the black male from the jury and properly denied Guyton's Batson motion.

### III.

Guyton's constitutional challenge to his sentence, based on the fact that his prior convictions were neither alleged in the indictment nor presented to the jury, is raised for the first time on appeal. Accordingly, we review this issue for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation omitted).

A district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir.

2005).  In Almendarez-Torres, the Supreme Court held that prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proved beyond a reasonable doubt.  523 U.S. at 244-46, 118 S.Ct. at 1231-32.  Subsequent decisions, namely, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not disturbed its holding.  United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir.), cert. denied, 126 S.Ct. 2911 (2006).  "Although recent decisions . . . may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres.  As a result, we must follow Almendarez-Torres."  United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 546 U.S. 951 (2005); see Gibson, 434 F.3d at 1246-47.

As Guyton acknowledges in his brief, his arguments are contrary to this Court's precedent.  Thus, the district court did not plainly err when it enhanced Guyton's sentence based on his prior convictions.  See Shelton, 400 F.3d at 1329.  Guyton acknowledges that whether a district court can enhance a sentence based on prior convictions neither alleged in the indictment nor proven beyond a

7

reasonable doubt survives based on the continued vitality of Almendarez-Torres.

As we have held that the decision in Almendarez-Torres is still good law, Guyton's

claim fails. See Gibson, 434 F.3d at 1246-47; Carmacho-Ibarquen, 410 F.3d at

1315-16.

In light of the foregoing, Guyton's conviction and sentence are

**AFFIRMED.**