[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12056
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 9:08-cv-80816-DTKH,
9:05-cr-80135-DTKH-2

KEVIN NORRIS GUYTON,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 22, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin Guyton, a federal prisoner, appeals the denial of his pro se 28 U.S.C.

§ 2255 motion to vacate attacking his 262-month sentence of imprisonment.

Guyton contends that he received ineffective assistance of counsel at his sentence hearing because his counsel failed to clearly articulate the objection to the use of a prior conviction for extortion under Florida statute as a predicate "crime of violence" for the career offender enhancement under U.S.S.G. §§ 4B1.1 and 4B1.2(a)(2). Guyton also contends that his Fifth Amendment due process rights were violated because his sentence was enhanced based on a non-existent offense—being a "career offender" based on only one prior conviction instead of two. See U.S.S.G. § 4B1.1(a).

## I.

In 2005 a grand jury indicted Guyton for one count of possession with intent to distribute powder cocaine in violation of 21 U.S.C. § 841(a)(1). Before trial, the government served Guyton with an 21 U.S.C. § 851 notice of the government's intent to use one prior felony drug offense to increase Guyton's statutory maximum under 21 U.S.C. § 841(b)(1) from 20 years to 30 years. In 2006, after a jury trial, Guyton was convicted of possession with intent to distribute powder cocaine. The presentence report listed Guyton's statutory maximum at 30 years, which Guyton does not dispute.

The PSR also recommended that Guyton be sentenced as a career offender under U.S.S.G. § 4B1.1 based two prior predicate felonies, one prior "controlled

2

substance offense" and one "crime of violence." The "crime of violence," which is the only predicate offense at issue in this appeal, was a 1996 conviction for extortion under Florida Statute § 836.05. Guyton's recommended guidelines range for his conviction with the career offender enhancement was 262 to 327 months. Without the enhancement, Guyton's recommended guidelines range would have been 27 to 33 months.

At the sentence hearing Guyton's counsel objected to the use of the 1996 extortion conviction as a predicate for the career offender enhancement, but he did not specifically raise an argument that the Florida extortion statute under which Guyton had been convicted did not fit the generic definition of extortion. After hearing arguments from both sides, the district court concluded that the career offender enhancement applied, set the advisory guidelines range at 262 to 327 months, and sentenced Guyton at the bottom end of his guidelines range—262 months imprisonment.

Guyton appealed his conviction and sentence to this Court. United States v. Guyton, 256 Fed. App'x 276 (11th Cir. Nov. 27, 2007). The only argument raised in his direct appeal relevant to his sentence was that the district court erred by failing to submit the issue of the prior convictions used in applying the career offender enhancement to the jury. Id. at 278–79. We rejected that argument and

3

affirmed his conviction and sentence.  Id.

In 2008 Guyton filed pro se a § 2255 motion to vacate his sentence, which the district court denied.  Guyton then filed pro se an application for certificate of appealability, which the district court liberally construed to include requests for issuance of a certificate on two questions.  The district court granted Guyton a certificate of appealability on both questions:

> (1) Whether petitioner received ineffective assistance of counsel based on sentencing counsel's failure to object to the use of the prior Florida extortion conviction as a predicate of the career offender enhancement.

> (2) Whether petitioner's due process rights under the Fifth Amendment were violated by imposition of an enhanced sentence based on a non-existent offense - being a "career offender" based on one prior drug conviction.  See, e.g., Gilbert v. United States, 609 F.3d 1159 (11th Cir.), opinion vacated on rehearing en banc, 625 F.3d 716 (11th Cir. 2010).

We deal with each in turn.

## II.

In reviewing a district court's dismissal of a § 2255 motion, legal conclusions are reviewed de novo and factual findings only for clear error.  Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009).  An ineffective assistance of counsel claim presents a mixed question of law and fact, which we review de novo.  Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009).  Guyton

4

contends that he received ineffective assistance of counsel at his sentence hearing because his counsel "failed to frame his objection to use of the [Florida] extortion prior conviction in legal terms the court could understand." He argues that because of this failure his counsel's performance "fell below a reasonably objective standard."

To prevail on an ineffective-assistance claim, a petitioner must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To establish deficient performance, a petitioner must show that counsel acted unreasonably in light of prevailing professional norms. Id. at 688, 104 S.Ct. at 2065. In other words, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (en banc).

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Additionally, "as an acknowledgment that law is no exact science, the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized." Smith v. Singletary, 170

F.3d 1051, 1054 (11th Cir. 1999); see also Jones v. United States, 224 F.3d 1251, 1258 (11th Cir. 2000) ("[W]e are not prepared to say categorically that counsel's failure to [preserve an argument] constituted prejudicial, ineffective nonfeasance while the law was still unsettled."). We need not address the prejudice prong if the defendant has not established deficient performance. Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

Under the career offender guideline a defendant is sentenced as a career offender if, among other requirements, he has at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is defined in relevant part as: "any offense under federal or state law . . . that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (emphasis added). When considering the enumerated offenses under § 4B1.2(a)(2), the district court must consider determine whether the state statute of conviction falls within the generic definition of the offense independent of the labels used by various states' criminal codes. See Taylor v. United States, 495 U.S. 575, 592, 110 S.Ct. 2143, 2155 (1990).

At the time of Guyton's sentence hearing in 2006, the Supreme Court had

generically defined extortion in contexts other than U.S.S.G. § 4B1.2(a)(2) as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Scheider v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409–10, 123 S.Ct. 1057, 1068–69 (2003) (defining generic extortion for purposes of state law predicate offenses under RICO, 18 U.S.C. § 1961(1)); United States v. Nardello, 393 U.S. 286, 289–90, 89 S.Ct. 534, 536, (1969) (defining extortion for purposes of offenses under the Travel Act, 18 U.S.C. § 1952). The Florida extortion statute under which Guyton was convicted in 1996 provided that:

> Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree.

Fla. Stat. § 836.05 (1995) (emphasis added). Neither the Supreme Court nor this Court have previously addressed whether the Florida extortion statute under which Guyton was convicted satisfies the generic definition of extortion applicable under § 4B1.2(a)(2). In fact, neither court has ever defined "extortion" in the specific context of U.S.S.G. § 4B1.2(a)(2).

7

Because the question of whether the Florida extortion statute was non-generic was unsettled at the time of Guyton's sentence hearing, his ineffective assistance of counsel claim fails. See Smith, 170 F.3d at 1054. He has not pointed to any authoritative decisional law that sets forth a generic definition of extortion under U.S.S.G. § 4B1.2(a)(2) or that construes the Florida extortion statute as non-generic. Additionally, without reaching the issue, it appears the Florida extortion statute, which makes it a crime to "maliciously threaten[]" another person with both physical and nonphysical harm, may well fall within the generic definition the Supreme Court has given to extortion in other contexts—"obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." See Scheider, 537 U.S. at 409, 123 S.Ct. at 1068 (emphasis added).

For these reasons, Guyton has not shown that his counsel's failure to argue at his sentence hearing that the Florida extortion statute did not fit within the generic definition of extortion under § 4B1.2(a)(2) fell outside of "the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Accordingly, Guyton has not met his burden to establish ineffective assistance of counsel.

III.

8

Guyton also contends that his Fifth Amendment due process rights were violated because his sentence was enhanced based on a non-existent "crime of violence"—being a "career offender" based on only one prior controlled substance offense. See U.S.S.G. § 4B1.1(a). His Fifth Amendment claim fails, however, because he is procedurally barred from raising it in a 28 U.S.C. § 2255 motion to vacate.

In general, a criminal defendant who fails to object at trial or to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a showing of actual innocence. See Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) ("A defendant can avoid a procedural bar only by establishing [either] . . . cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error . . . [or] despite his failure to show cause for procedural default [that] a constitutional violation has probably resulted in the conviction of one who is actually innocent. " (quotation marks and citations omitted)). Attorney errors that fall short of constitutionally ineffective assistance do not constitute cause to excuse procedural default. See Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566 (1991) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland . . . , we

9

discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").

Guyton did not object to his career offender enhancement on due process grounds at his sentence hearing and did not raise the issue on direct appeal of his sentence. He has therefore procedurally defaulted on his due process claim unless he can show an exception applies. The only "cause" he points to for excusing his procedural default is the alleged ineffective assistance he received when his counsel failed to argue at his sentence hearing that the Florida extortion statute was non-generic, which, as discussed above, was not actually ineffective assistance. Because Guyton has failed to establish ineffective assistance, any purported errors made by his counsel do not constitute cause to excuse his procedural default. Coleman, 501 U.S. at 752–53, 111 S.Ct. at 2566 ("This error cannot be constitutionally ineffective; therefore [the defendant] must 'bear the risk of attorney error that results in a procedural default.'").

Guyton's only remaining hope of overcoming his default lies in his argument that he was "actually innocent" of his career offender enhancement. See Lynn, 365 F.3d at 1234. That argument fails, however, because a defendant cannot be "convicted of being guilty of the [career offender] enhancement." Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc) ("If guidelines

10

enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt.").  Accordingly, Guyton is procedurally barred from raising his due process claim in a § 2255 motion to vacate sentence.

**AFFIRMED.**